**Case No. 16-cv-80967-BLOOM/Valle**

COMPREHENSIVE HEALTH CARE SYSTEMS
OF THE PALM BEACHES, INC., and
DR. ROBERT W. MAUTHE, M.D., P.C.,

Plaintiffs,

v.

M3 USA CORPORATION, and MDLINX, INC.,

Defendants.

_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon a Motion to Stay filed by Defendant M3 USA Corporation ("M3," together with MDLinx, Inc., "Defendants"). ECF No. [99] ("Motion"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED.**

### I.        Background

M3 is a market research company which sends targeted invitations via facsimile to healthcare professionals participate in research surveys. ECF No. [55] at 2. Plaintiffs Comprehensive Healthcare Systems of the Palm Beaches, Inc. ("Comprehensive") and Dr. Robert W. Mauthe ("Mauthe") (together, "Plaintiffs") each received at least one such facsimile (or "fax") from M3. *Id.* Plaintiffs assert that these faxes are "advertisements" transmitted in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), because they were sent without Plaintiffs' consent and without the proper opt-out language required by the

TCPA. ECF No. [44] at 2–3, 19–25.[1] While the parties have advanced several arguments about the legal and factual sufficiency of the claims, both note that "the questions of whether the faxes at issue are in fact advertisements is a core issue that is potentially dispositive of this case." ECF No. [103] at 1; *see also* ECF Nos. [102] at 9, [99] at 1.

On March 20, 2017, M3 filed a Petition for Expedited Declaratory Ruling with the Federal Communications Commission ("FCC") seeking confirmation "that research survey invitations are not TCPA 'advertisements.' " ECF No. [99–1] at i ("Petition"); *see also* ECF No. [99] at 1, 5. Specifically, the Petition requests that the FCC declare the following:

1. There is no presumption under the TCPA that faxes sent by for-profit businesses are pretext for advertisements;

2. Informational faxes are not pretexts for advertisements under the TCPA unless the transmission promotes specific, commercially-available property, goods or services *to the recipient of the fax;*

3. Market research surveys do not constitute property, goods or services vis-à-vis the persons taking the surveys under the TCPA; and

4. Invitations to participate in market research surveys are not advertisements under the TCPA unless commercially-available property, goods or services are promoted in the fax itself or during the survey itself.

ECF No. [99–1] at i-ii. On March 28, 2017, the FCC issued a Public Notice and opened a notice-and-comment rulemaking proceeding to address the Petition. ECF No. [99] at 8; ECF No. [99–2] at 1. According to Defendants, the FCC received comments and the record on the matter is now closed. ECF No. [99] at 8. Defendants now move for a stay of this case pending resolution of the Petition.

---

[1] Plaintiffs also assert a common law claim of conversion. ECF No. [44] at 24–28.

### I.      Legal Standard

A district court acts within its own general discretion to control its own docket when determining whether a stay is warranted. *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1525 (11th Cir.1984).  A court may grant a stay to "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions." *Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F.Supp.2d 1330, 1346 (S.D. Fla. 2009).

To apply these principles to the appropriateness of a stay when the interaction between regulatory schemes promulgated by administrative agencies and their application by the judiciary is at issue, courts have devised a four-pronged test.  This "primary jurisdiction doctrine," as it is known, "has evolved as a means of reconciling the functions of administrative agencies with the judicial function of the courts." *Bondhus v. Henry Schein, Inc.*, No. 14–22982–CIV, 2015 WL 1968841, at *2–3 (S.D. Fla. Apr. 30, 2015) (quoting *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 532 F.2d 412, 416 (5th Cir.1976)) (internal quotation marks omitted).  Under the doctrine, a court "may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency . . . whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." *Smith v. GTE Corp.*, 236 F.3d 1292, 1298 n.3 (11th Cir. 2001).

"There are four factors uniformly present in cases where the doctrine properly is invoked: (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in

administration." *Bondhus*, 2015 WL 1968841, at *3 (citing *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir.1987). The Court thus analyzes each of these factors in turn.

## II.     Analysis

### A.  The Need to Resolve an Issue

M3 has filed a Petition with the FCC to clarify a central—and possibly dispositive—issue in this case: whether faxes which invite the recipient to participate in market research surveys are pretextual advertisements under the TCPA. A declaration in favor of Defendants on the Petition will likely alter the scope of this case and impact pending motions before the Court. *See Bondhus*, 2015 WL 1968841, at *3. While Plaintiffs argue that it is possible the FCC will refuse to issue declaratory ruling on the Petition or that a declaratory ruling will not be dispositive (ECF No. [102] at 6), the Court will inevitably benefit from the FCC's guidance in this case. Thus, the Court finds that the first factor is met.

### B.  Placed by Congress within the Jurisdiction of an Administrative Body Having Regulatory Authority

The TCPA vests the FCC with the authority to "prescribe regulations to implement the requirements of [the statute]." 47 U.S.C. § 227(b)(2). This includes issuing rules clarifying and interpreting the TCPA, as well as addressing petitions like that filed by M3. *See e.g.*, Report and Order and Third Order on Recommendation, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005*, 21 FCC Rcd. 3787 (April 5, 2006) (the "2006 TCPA Order). The FCC has already responded to the Petition by opening a notice-and-comment rulemaking proceeding and receiving public comment. This, coupled with the directive from Congress regarding the scope of the FCC's jurisdiction, is sufficient to meet the second factor.

### C. Pursuant to a Statute that Subjects an Industry or Activity to a Comprehensive Regulatory Scheme

The TCPA requires the FCC to engage in rulemaking and "prescribe regulations to implement methods and procedures for protecting the privacy rights" identified in the statute. 47 U.S.C. § 227(c). Thus, as this District has observed, "[t]he TCPA and the Junk Fax Prevention Act, 47 U.S.C. § 227, are comprehensive regulatory schemes governing the use of automated telephone and facsimile equipment." *See Bondhus*, 2015 WL 1968841, at *3. Given the statutory framework, the Court finds that the third factor is met.

### D. Requiring Expertise and Uniformity in Administration

The FCC is charged with expertise in telecommunications regulation and has the authority to interpret and implement the TCPA and other telecommunications statutes. *See, e.g.*, 47 U.S.C. § 227. Where, as here, the "resolution of Plaintiff's cause of action would require interpreting and considering technical terms and industry policies[], [s]uch an endeavor is clearly within the FCC's precise field of expertise and discretion and outside of the conventional experience of the Court." *Stewart v. T-Mobile USA, Inc.*, No. 4:14-CV-02086-PMD, 2014 WL 12614418, at *4 (D.S.C. Oct. 8, 2014) (citing *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 305 (1976)). In its motion, M3 cites to cases both within this Circuit and nationally which have differed in their interpretation of the TCPA vis-à-vis alleged advertisements transmitted via fax, often with different results. *See* ECF No. [99] at 5–7. In fact, in interpreting the 2006 TCPA Order in a putative class action involving unsolicited faxes to doctors' offices, Judge Leval of the Second Circuit observed in a concurring opinion "that other courts might interpret the Commission's 2006 Rule differently." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 103 (2d Cir. 2017). Given the FCC's request for comment on the

Petition and the need for uniformity in administration of the TCPA as it relates to research surveys, the Court finds that the fourth factor is met.

### III.     Conclusion

A stay is warranted.  The Petition's potential effect on this case and the dearth of definitive interpretation of the TCPA provisions applicable here counsel against continued litigation in this case until the threshold issue set forth in the Petition can be addressed by the FCC.  That issue is whether research surveys constitute "advertisements" under TCPA. While Plaintiffs argue that a stay would prejudice them because it is unclear if and when the FCC will issue a precedential ruling on the Petition (*see* ECF No. [102] at 2–3), the Court finds that the benefit of the FCC's guidance, the interests of judicial economy and the prevention of inconsistent resolutions outweigh the potential prejudice of a stay.  The

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant M3's Motion, **ECF No. [99]**, is **GRANTED**.

2. All proceedings in the above-styled action are **STAYED** pending ruling from the FCC on the Petition.

3. The above-styled action is administratively **CLOSED** without prejudice to the parties to file status reports every 90 days, with the first report due **January 4, 2018.**

4. The Clerk shall **CLOSE** this case for administrative purposes only.

5. Any pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELLED**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of October, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record